# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| HIGHER PERPETUAL ENERGY, LLC, § § | |
| v. § § | Civil Action No. 4:17-CV-00414 |
| § | Judge Mazzant |
| HIGHER POWER ENERGY, LLC, MARK § PATKUNAS, MICHAEL MILLER, LANCE § WILKERSON, § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Counter-Defendant Higher Perpetual Energy, LLC's ("Higher Perpetual") Motion to Dismiss Counter-Plaintiff Higher Power Energy, LLC's ("Higher Power") Original Counterclaim (Dkt. #25). After reviewing the relevant pleadings and motion, the Court finds that the motion should be denied.

## BACKGROUND

On approximately July 27, 2007, Higher Perpetual and Higher Power entered into a Lease Purchase Agreement, which enabled a series of wind farm development projects (the "2007 Agreement"). On or about, January 17, 2011, the parties entered into a new agreement—HP & HPE Supplemental De Wind/SW1 Wind Farms, LLC Agreement ("Supplemental Agreement)—which terminated and rendered void the 2007 Agreement. Subsequently, in the summer of 2012, the parties entered into a Supplement to HP & HPE Supplemental De Wind/SW1 Wind Farms, LLC Agreement ("Supplement to the Supplemental Agreement"). Disputes arose regarding the negotiations and implementation of such agreements, which resulted in Higher Perpetual filing suit on June 12, 2017 (Dkt. #1). On October 19, 2017, Higher Perpetual filed its First Amended Original Complaint (Dkt. #9). Subsequently, on February 27, 2018, Higher Power

filed its Original Counterclaim (Dkt. #23). On March 20, 2018, Counter-Defendant Higher Perpetual filed its Motion to Dismiss Counter-Plaintiff Higher Power's Original Counterclaim (Dkt. #25) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). On April 3, 2018, Higher Power filed its response (Dkt. #26). On April 10, 2018, Higher Perpetual filed its reply (Dkt. #28).

**LEGAL STANDARD**

I. **Federal Rule of Civil Procedure 12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-

pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. Federal Rule of Civil Procedure 9(b)

Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the

statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). The goals of Rule 9(b) are to "provide[] defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). However, this requirement "does not 'reflect a subscription to fact pleading.'" *Grubbs*, 565 F.3d at 186. "Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## ANALYSIS

Higher Power, in its Original Counterclaim (Dkt. #23), alleges claims for common law fraud, negligent misrepresentation, promissory estoppel, breach of contract, and a request for

4

declaratory relief. Higher Perpetual avers that each claim warrants dismissal for various reasons. The Court addresses each claim in turn.

## I. Common Law Fraud

Higher Power complains that Higher Perpetual, by and through its principal David Tatton ("Tatton"), knowingly or recklessly made false material representations of fact to Higher Power (Dkt. #23 at pp. 7–8). Higher Perpetual avers that Higher Power's fraud claim is time barred and fails to satisfy the heightened pleading standards of Rule 9(b). Higher Power responds that its fraud claim is timely pursuant to the discovery rule and/or savings clause and that its pleadings are sufficient under Rule 9(b). The Court addresses each argument separately.

### a. Statute of Limitations

Higher Perpetual contends that Higher Power's fraud claim is time barred because Higher Power filed such claim more than seven years after the cause of action accrued. Further, Higher Perpetual avers that neither the discovery rule nor savings clause cures such untimeliness. Conversely, Higher Power asserts that its fraud claim is timely pursuant to the discovery rule and/or savings clause.

Under Texas law, the statute of limitations for fraud is four years. TEX. CIV. PRAC. & REM. CODE § 16.004(a). Accrual occurs "when the fraud is perpetrated, or if the fraud is concealed, from the time it is discovered or could have been discovered by the exercise of reasonable diligence." *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). "It is the defendant's burden to establish the affirmative defense of limitations, including the accrual date of the plaintiff's claims." *Whiddon v. Chase Home Fin., LLC*, 666 F. Supp. 2d 681, 688 (E.D. Tex. 2009).

### i. Discovery Rule

Higher Perpetual contends that Higher Power failed to allege facts illustrating the applicability of the discovery rule. In response, Higher Power avers that it validly asserted the application of the discovery rule and that its Higher Perpetual's burden to exclusively prove that such rule does not apply.

The discovery rule acts as "an exception to the general rule of accrual of a cause of action for limitations purposes." *Whiddon*, 666 F. Supp. 2d at 688. Such rule tolls the limitations period "until such time as the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, facts indicating that he has been injured." *Id.* (citing *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008)). The application of the discovery rule is generally "limited to situations where the nature of the injury is 'inherently undiscoverable' and 'objectively verifiable.'" *Id.* (citing *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006)). "The rule delays the statute of limitations only until the claimant knows or should know the facts that could support a cause of action, not until she realizes that the facts do support a cause of action." *Colonial Penn Ins. v. Mkt. Planners Ins. Agency*, 157 F.3d 1032, 1034 (5th Cir. 1998). A plaintiff seeking to avail itself of the discovery rule must plead the rule's application in its original complaint or in an amended or supplemental complaint in response to a defendant's limitations defense. *Woods*, 769 S.W.2d at 518. Conversely, "[w]hen asserting a limitations defense at the pleading stage, the defendant's burden to establish the accrual date includes negating the applicability of the discovery rule." *Whiddon*, 666 F. Supp. 2d at 689.

Here, Higher Power alleges that Tatton made misrepresentations prior to and during negotiations of the Supplemental Agreement, which give rise to its fraud claim (Dkt. #9 at ¶¶ 5, 6). Based on such assertions, Higher Perpetual argues that Higher Power's fraud allegations accrued

6

on or before January 17, 2011, that date the parties entered into the Supplemental Agreement. Because Higher Power did not file its Original Counterclaim until February 27, 2018, more than four years after the accrual date, Higher Perpetual avers that such fraud claim is time barred. In its Original Counterclaim, Higher Power states that it "later discovered" the alleged falsity of Tatton's representations (Dkt. #23 at ¶ 6). Based on such pleading, Higher Power asserts that it "validly asserted that it did not discover the falsity of Perpetual's material misrepresentations until much later than the contract date of 2011." (Dkt. #26 at p. 10). In other words, Higher Power contends that its pleadings are sufficient to imply the application of the discovery rule.

The Court finds that Higher Power's pleadings do not sufficiently plead the discovery rule's potential application. To the contrary, such pleadings contain, at the most, conclusory and indirect references to the discovery rule. Nevertheless, the Court finds permitting Higher Power the ability to supplement its pleadings is the more appropriate remedy.

### ii. Savings Clause

Higher Power contends that its fraud claim is not time barred because it falls within the savings clause of Section 16.069(a) of the Texas Civil Practice and Remedies Code. In other words, Higher Power argues that dismissal of its fraud claim is unwarranted because it arises from and out of the same transaction that is the basis of Higher Perpetual's action. Higher Perpetual responds that Higher Power's counterclaims are untimely under Section 16.069(b), such claims does not arise from the same transaction or occurrence, and that Higher Power failed to sufficiently plead the applicability of the savings clause.

Section 16.069 of the Texas Civil Practice and Remedies Code provides:

(a) If a counterclaim . . . arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim . . . even though as a separate action it would be barred by limitation on the date the party's answer is required.

7

(b) The counterclaim . . . must be filed not later than the 30th day after the date on which the party's answer is required.

Higher Perpetual avers that Section 16.069 is inapplicable because Higher Power did not file its counterclaim within thirty days of the deadline to file its answer. Higher Power's original deadline to file its answer was November 10, 2017. *See* (Dkt. #13). However, due to an agreement to extend such deadline, Higher Power filed its answer on December 5, 2017 (Dkt. #16). As a result, January 4, 2018—thirty days from December 5, 2017—represented the deadline for Higher Power to file its counterclaim and satisfy the requirement in Section 16.069(b). Higher Power did not file its Original Counterclaim until February 27, 2018 (Dkt. #23). Accordingly, because Higher Power failed to satisfy the 30-day requirement under section 16.069(b), such exception does not apply. *See PSB, Inc. v. LIT Indus. Tex. Ltd. P'ship*, 216 S.W.3d 429, 435 (Tex. App.—Dallas 2006, no pet.)). As such, in order for Higher Power's fraud claim to proceed, it must rely on the discovery rule.

### b. Pleading Sufficiency under Federal Rule of Civil Procedure 9(b)

Assuming *arguendo* that the discovery rule permits Higher Power the ability to bring its fraud claim, Higher Perpetual avers that Higher Power's pleadings fail to satisfy the pleading standard of Rule 9(b). Higher Power contends that its pleadings are sufficient.

A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd.*, 302 F.3d at 564–65. In its Original Counterclaim, Higher Power alleges that "Higher Perpetual – by and through its principal Tatton – made numerous material representations of fact to Higher Power that were false." (Dkt. #23 at ¶ 16). Specifically, Higher Power complains that

8

> 5. At the time [the] Supplemental Agreement was negotiated – and before it was executed – Higher Perpetual (through Tatton) represented that Higher Perpetual and its parent and/or affiliate had both an interest in purchasing the above referenced projects from Higher Power and the financial ability to do so. Information that Higher Power later obtained demonstrates that these representations were false when made, and that Higher Perpetual and Tatton knew that these representations were false when these representations were made.
>
> 6. Prior to entering into [the] Supplemental Agreement Higher Perpetual – again through Tatton – also represented to Higher Power that it and its parent and/or affiliate had experience in the development of wind energy projects in the United States and that this experience warranted its entitlement to the financial terms that are included in this Supplemental Agreement. Higher Power later discovered that these representations were also false. More specifically, Higher Power learned that Higher Perpetual and its parent and/or affiliate had not successfully completed the development of any wind projects in the United States and that the only project that it/they developed outside of the United States was a financial disaster.

(Dkt. #23 at ¶¶ 5, 6).

Viewing these allegations as true, the Court finds that such pleadings fails to satisfy Rule 9(b). Specifically, the former fails to specify where Tatton made the alleged misrepresentations or why such statements are fraudulent. Moreover, the latter omits any reference as to where Tatton made such alleged statements. Despite these inadequacies, the Court finds that repleading, not dismissal, is the more appropriate remedy.

## II. Negligent Misrepresentation

As an alternative to its fraud claim, Higher Power alleges a claim for negligent misrepresentation (Dkt. #23 at ¶¶ 21–27). Higher Perpetual avers that Higher Power's negligent misrepresentation claim is time barred, fails to satisfy the heightened pleading standards of Rule 9(b), and is barred by the economic loss rule. Higher Power responds that its negligent misrepresentation claim is timely pursuant to the discovery rule and/or savings clause, that its pleadings are sufficient under Rule 9(b), and that the economic loss rule does not bar its claim. The Court addresses each argument separately.

### a. Statute of Limitations

Higher Perpetual contends that Higher Power's negligent misrepresentation claim is barred because Higher Power filed such claim more than seven years after the cause of action accrued. Further, Higher Perpetual avers that neither the discovery rule nor savings clause cures such untimeliness. Conversely, Higher Power asserts that its negligent misrepresentation claim is timely pursuant to the discovery rule and/or savings clause.

Under Texas law, the statute of limitations for negligent misrepresentation is two years. *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998); *Collective Asset Partners, LLC v. McDade*, 400 S.W.3d 213, 217 (Tex. App.—Dallas 2013, no pet.). Generally, "a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). "It is the defendant's burden to establish the affirmative defense of limitations, including the accrual date of the plaintiff's claims." *Whiddon*, 666 F. Supp. 2d at 688.

As explained above, the Court finds that Higher Power failed to sufficiently plead the potential applicability of the discovery rule. Further, the savings clause under Section 16.069 is inapplicable due to Higher Power filing its counterclaim more than thirty days after the deadline to file its answer. Nevertheless, the Court permits Higher Power the opportunity to supplement its pleading to provide support that the discovery rule permits Higher Power to bring its claim for negligent misrepresentation.

### b. Pleading Sufficiency under Federal Rule of Civil Procedure 9(b)

Assuming *arguendo* that the discovery rule permits Higher Power the ability to bring its claim for negligent misrepresentation, Higher Perpetual avers that Higher Power's pleadings fail

to satisfy the pleading standard under Rule 9(b). Higher Power contends that its pleadings are sufficient.

"Claims alleging . . . negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith*, 9 F. Supp. 2d at 742; *see Berry*, 2010 WL 3422873, at *14 ("'[W]hen the parties have not urged a separate focus on the negligent misrepresentation claims,' the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims."). Under Rule 9(b), the pleader must set forth the "who, what, when, where, and how." *United States ex rel. Williams*, 417 F.3d at 453. Further, such pleadings must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd.*, 302 F.3d at 564–65.

Higher Power references the same allegations in its pleadings for fraud to support its claim for negligent misrepresentation (Dkt. #23 at ¶ 23). As explained earlier, such pleadings do not satisfy the requirements of Rule 9(b). However, assuming the discovery rule permits Higher Power's negligent misrepresentation claim, the Court finds that repleading, not dismissal, is the more appropriate remedy to Higher Power's deficient pleadings.

    c. **Economic Loss Rule**

Assuming that Higher Power's negligent misrepresentation claim proceeds, Higher Perpetual avers that such claim fails as a result of the economic loss rule. In response, Higher Power asserts that Higher "Perpetual has not proven that Higher Power's negligent misrepresentation claim is barred by the economic loss rule." (Dkt. #26 at p. 17).

Generally, the economic loss rule precludes recovery in tort where a plaintiff's only injury is an economic loss to the subject of a contract. *Academy of Skills & Knowledge, Inc. v. Charter*

*Schools, USA, Inc.*, 260 S.W.3d 529, 541 (Tex. App.—Tyler 2008, pet. denied) (citing *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991)). "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *UMLIC VP LLC v. T & M Sales and Envmtl. Sys., Inc.*, 176 S.W.3d 595, 614 (Tex. App.—Corpus Christi 2005, no pet.) (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)). The focus of the rule "is on determining whether the injury is to the subject of the contract itself." *Academy*, 260 S.W.3d at 541 (citing *Lamar Homes*, 242 S.W.3d at 12). The nature of the injury, not the nature of the damages, affects the applicability of the economic loss rule. *See Delaney*, 809 S.W.2d at 494–95; *see also Lamar Homes*, 242 S.W.3d at 12.

In *Formosa Plastics*, the Texas Supreme Court declined to extend the independent injury requirement to fraudulent inducement claims. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46–47 (Tex. 1998). In other words, the Texas Supreme Court held that although a fraudulent representation may only cause economic damages, because an independent duty exists to refrain from fraudulently inducing a party to enter into a contract, the economic loss rule did not preclude recovery. Notably, in *D.S.A., Inc.*, the Texas Supreme Court declined to extend such ruling to claims for negligent misrepresentations. *D.S.A., Inc. v. Hillsboro Indep. School Dist.*, 973 S.W.2d 662, 663 (Tex. 1998). Stated differently, the court clarified that the independent injury requirement still applies to negligent misrepresentation claims.[1]

Here, Higher Power fails to allege that the damages, if any, arising from its claim for negligent misrepresentation are independent of the alleged breaches of contracts. As such, Higher

---

[1] Although the Texas Supreme Court subsequently noted that pure economic loss is recoverable for negligent misrepresentation under certain circumstances, such ruling is distinguishable and does not overrule the court's previous holding in *D.S.A*. *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418 n.14 (Tex. 2011).

Power's pleadings are deficient. Nevertheless, the Court permits Higher Power the ability to replead in an attempt to remedy such deficiencies—assuming the discovery rule permits such claim to proceed.

### III. Promissory Estoppel

Higher Perpetual avers that Higher Power's claim for promissory estoppel fails as a result of insufficient pleadings and the existence of contracts covering the alleged promises. In its response, Higher Power withdrew its claim for promissory estoppel (Dkt. #26 at p. 16 n.7). As such, Higher Perpetual's arguments are moot.

### IV. Breach of Contract

Higher Power complains that Higher Perpetual breached the Supplemental Agreement and Supplement to the Supplemental Agreement (Dkt. #23 at ¶¶ 33–38). Higher Perpetual argues that Higher Power's claim fails because it omits any explanation as to how Higher Perpetual allegedly breached such contracts or what damages, if any, Higher Power suffered as a result. Higher Power responds that its pleadings for breach of contract are sufficient.

The elements of a breach of contract claim include: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, no pet.).

Higher Power alleges that it and Higher Power executed valid contracts—the Supplemental Agreement and Supplement to the Supplemental Agreement (Dkt. #23 at ¶¶ 1–3). Further, Higher Power claims that it performed its obligations under such contracts (Dkt. #23 at ¶¶ 8–11). Although Higher Power alleges that Higher Perpetual breached the Supplemental Agreement by unilaterally cancelling mediation, Higher Power fails to plead what damages, if any, resulted from

such breach (Dkt. #23 at ¶ 13). Moreover, Higher Power fails to provide any allegations as to how Higher Perpetual breached the Supplement to the Supplemental Agreement or what damages, if any, resulted from such alleged breach. As a result, the Court finds Higher Power's pleadings as they relate to its breach of contract claim are insufficient. However, the Court permits Higher Power to replead to cure such deficiencies.

V.     **Declaration Judgment**

Higher Power seeks a declaration "that Higher Perpetual is contractually obligated [per the Supplement to the Supplemental Agreement] to defend, indemnify, and hold Higher Power harmless from and against all of the claims that Higher Perpetual is now seeking to prosecute against it in this litigation." (Dkt. #23 at ¶ 43). Higher Perpetual claims that such relief warrants dismissal because it raises issues already presented to the Court and is therefore redundant. Higher Power responds that its request is not redundant and dismissal is unwarranted.

When a declaratory judgment seeks resolution of substantive claims already made the basis of the lawsuit, a court may dismiss the declaratory judgment as redundant. *See Flores v. ASI Computer Tech., Inc.*, No. L-06-CV-135, 2007 WL 2900567, at *5 (S.D. Tex. Sept. 28, 2007); *Kougl v. Xspedius Mgmt. Co. of Dallas/Fort Worth, LLC*, No. 3:04-CV-2518-D, 2005 WL 1421446, at *4 (N.D. Tex. June 1, 2005); *Landscape Design and Const., Inc. v. Transport Leasing/Contract, Inc.*, No. 3:00-CV-0906-D, 2002 WL 257573, at *11 (N.D. Tex. Feb. 19, 2002).

Higher Power's declaratory judgment pertains to alleged rights under the Supplement to the Supplemental Agreement, a document neither mentioned nor referenced in Higher Perpetual's amended complaint. Further, although Higher Power asserts that Higher Perpetual breached the Supplement to the Supplemental Agreement, resolution of such a claim does not determine

14

whether Higher Perpetual is obligated to indemnify Higher Power. As such, the Court declines to dismiss Higher Power's claim for declaratory relief as redundant at this time.

## CONCLUSION

It is therefore **ORDERED** that Counter-Defendant Higher Perpetual's Motion to Dismiss Counter-Plaintiff Higher Power's Original Counterclaim (Dkt. #25) is hereby **DENIED**. It is further **ORDERED** that within seven (7) days of the issuance of this Order, Higher Power must file an amended pleading addressing the deficiencies as described herein.

**SIGNED** this 18th day of June, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE