# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HIGHER PERPETUAL ENERGY, LLC, | § | |
| | § | |
| | § | Civil Action No. 4:17-CV-00414 |
| v. | § | Judge Mazzant |
| | § | |
| HIGHER POWER ENERGY, LLC, MARK | § | |
| PATKUNAS, MICHAEL MILLER, LANCE | § | |
| WILKERSON, | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants Higher Power Energy, LLC ("Higher Power"), Mark Patkunas ("Patkunas"), Michael Miller ("Miller"), and Lance Wilkerson's ("Wilkerson") (collectively, "Defendants") Motion to Dismiss (Dkt. #27). After reviewing the relevant pleadings and motion, the Court finds that the motion should be denied.

## BACKGROUND

On approximately July 27, 2007, Plaintiff Higher Perpetual Energy, LLC ("Higher Perpetual") and Higher Power entered into a Lease Purchase Agreement, which enabled a series of wind farm development projects (the "2007 Agreement"). On June 30, 2010, Baker Wind Farm, LLC ("Baker Wind" or the "Baker Project") was formed. The certificate of formation identified Patkunas, Miller, David Tatton[1] ("Tatton"), and Wilkerson as the four managers and governing persons. Due to the bankruptcy of Higher Perpetual's parent company, Higher Perpetual and Higher Power revised and replaced the 2007 Agreement with a January 18, 2011 Settlement and Release Agreement (the "Supplemental Agreement"). Disputes arose regarding the Supplemental Agreement, which resulted in Plaintiff filing suit on June 12, 2017 (Dkt. #1). On October 19, 2017,

---

[1] In December 2010, Tatton purchased Higher Perpetual becoming its sole owner.

Plaintiff filed its First Amended Original Complaint (Dkt. #9).  Subsequently, on April 4, 2018, Defendants filed their Motion to Dismiss[2] (Dkt. #27) pursuant to Federal Rule of Civil Procedure 12(b)(6).  On April 18, 2018, Plaintiff filed its response (Dkt. #29).  On April 23, 2018, Defendants filed their reply (Dkt. #30).

## LEGAL STANDARD

### I.    12(b)(6)

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.),*

---

[2] The Court notes that Defendants' motion to dismiss is untimely since they filed it after filing a responsive pleading. *See* FED. R. CIV. P. 12(b) ("[a] motion asserting any of these deficiencies," including 12(b)(6), "must be made before pleading if a responsive pleading is allowed.").  Despite their untimeliness,

> it is not necessary for the courts to add more shame by denying the motion outright without considering its merits. The more sensible and efficient option would be to construe the motion as a motion for judgment on the pleadings under Rule 12(c) since the standard of review under Rule 12(b)(6) also applies to motions for judgment on the pleadings under Rule 12(c). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir.2002) ('the standards for deciding motions under both rules [12(b)(6) and 12(c) ] are the same').

*Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 576 (N.D. Tex. 2005).  As such, the Court entertains Defendants' motion, albeit untimely, as a motion for judgment on the pleadings.

*L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II.    12(c)

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not the delay trial—a party may move for judgment on the pleadings." "A motion

brought pursuant to Fed. R. Civ. P 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

"Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Hughes*, 278 F.3d at 420). The standard applied under Rule 12(c) is the same as that applied under Rule 12(b)(6). *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Guidry* v. *Am. Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007).

## ANALYSIS

Plaintiff, in its Amended Complaint (Dkt. #9), alleges breach of fiduciary duties, violations of Texas Limited Liability Statute: Access to Books and Records, conversion, breach of contract, and a request for declaratory judgment. Defendants aver that each claim fails pursuant to Rule 12(b)(6). The Court addresses each claim in turn.

### I.    Breach of Fiduciary Duties

Plaintiff alleges that as a minority owner of Baker Wind, Defendants, either as a majority member or a manager, owed fiduciary duties to Plaintiff, which they breached. Defendants aver that Plaintiff's breach of fiduciary claims are conclusory and fail allege the existence of fiduciary relationships between the parties (Dkt. #27 at pp. 6–7). Specifically, Defendants contend that

Plaintiff's complaint omits allegations that "the individual Defendants agreed to serve as Managers . . . that an agreement was actually reached amongst the Members to have this entity governed by Managers . . . that this entity ever became operational," or that an Operating Agreement or Company Agreement exists (Dkt. #27 at p. 6). Further, Defendants contend that absent special circumstances, "[c]orporate officers owe a fiduciary duty to the corporations they serve," not individual shareholders (Dkt. #27 at p. 7). Plaintiff responds that the information Defendants claim is omitted from the complaint is unnecessary to survive a motion to dismiss (Dkt. #29 at pp. 8–9). Additionally, Plaintiff contends that Defendants' argument relating to the existence of a fiduciary duty is inapposite given that it addresses corporations, not limited liability companies.

Under Texas law, the elements for a breach of fiduciary claim include: "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit the defendant." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 808 (5th Cir. 2017) (quoting *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007)).

Regarding Higher Power, Plaintiff alleges that "[a]s a majority member of the Baker Project, Higher Power owed Higher Perpetual fiduciary duties . . . Higher Power has breached numerous fiduciary duties it owed to Higher Perpetual . . . Higher Power's breaches have resulted in injury to Higher Perpetual" and "benefited Higher Power." (Dkt. #9 at ¶¶ 49–51). Although the Court views Plaintiff's allegations as true, the Court finds that such allegations are conclusory and insufficient to satisfy the pleading standard. Despite such inadequacy, the Court finds that the appropriate remedy is to allow Plaintiff to replead.

Concerning the Individual Defendants, Plaintiff alleges that Patkunas, Miller, and Wilkerson "[a]s managers of Baker Wind . . . owe fiduciary obligations to Baker Wind Farm, LLC and its shareholder, Higher Perpetual . . . . The Individual Defendants have breached these obligations . . . which resulted in injury to Higher Perpetual." (Dkt. #9 at ¶¶ 54, 61). The Court finds that Plaintiff's allegations are conclusory and insufficient as to how the Individual Defendants breached their alleged fiduciary duties. Nevertheless, the Court finds repleading, rather than dismissal, is the more appropriate remedy.

Although Defendants argue a fiduciary relationship, absent certain circumstances, cannot exist between corporate officers and individual shareholders, the Court addresses this issue in the context of limited liability companies.

"A fiduciary relationship may arise from formal and informal relationships and may be created by contract." *Jacked Up*, 854 F.3d at 808 (quoting *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). A formal fiduciary relationship arises as a matter of law and includes relationships between an attorney and client, principal and agent, partners, and joint ventures. *Id.* An informal fiduciary relationship "may arise where one person trusts in and relies upon another, whether the relationship is a moral, social, domestic, or purely personal one." *Id.* (quoting *Navigant Consulting*, 508 F.3d at 283). The Texas Business Organizations Code does not directly address the duties owed by managers and members.[3] Further, "[n]o Texas court has held that fiduciary duties exist between members of a limited liability company as a matter of law." *Entm't Merch. Tech., L.L.C. v. Houchin*, 720 F. Supp. 2d 792, 797 (N.D. Tex. 2010) (citing *Gadin v. Societe Captrade*, No. 08-CV-3773, 2009 WL 1704049

---

[3] "The company agreement of a limited liability company may expand or restrict any duties, including fiduciary duties, and related liabilities that a member, manager, officer, or other person has to the company or to a member or manager of the company." Tex. Bus. Org. Code Ann. § 101.401 (West 2017).

(S.D. Tex. June 17, 2009); *Suntech Processing Sys., L.L.C. v. Sun Comm., Inc.*, No. 05-99-00213-CV, 2000 WL 1780236 (Tex. App.—Dallas 2000, pet. denied)). As such, "[w]hether such a fiduciary relationship exists is typically a question of fact." *Id.* (citing *Kaspar v. Thorne*, 755 S.W.2d 151, 155 (Tex. App.—Dallas 1988, no writ.)).

As explained above, a formal fiduciary relationship does not exist between managers and members. As such, a fiduciary relationship, if any, must exist via an informal relationship. Because the existence of an informal fiduciary relationship "is a fact-specific inquiry that takes into account the contract governing the relationship as well as the particularities of the relationships between the parties," *Gadin*, 2009 WL 1704049, at *3, the Court declines to dismiss Plaintiff's fiduciary claims on this ground at this stage in the litigation.

## II.    Violation of the Texas Limited Liability Statute: Access to Books and Records

Plaintiff alleges that as a member of Baker Wind, it maintains the right to examine the books and records of Baker Wind. Moreover, Plaintiff complains that Defendants deprived Plaintiff of such right. Making similar arguments as described above, Defendants aver that Plaintiff fails to allege "facts showing that this entity ever became operational . . . that any 'books and records' were ever created by – or for – this entity, or that any of the Defendants maintained . . . any of" Baker Wind's "*alleged* 'books and records.'" (Dkt. #27 at p. 8 (emphasis in original)). Conversely, Plaintiff claims that it asserted "that an LLC was created, that the individual Defendants were among its managers, that they and Higher Power had control of the entity, that books and records must be kept, and that they failed to produce books and records on demand." (Dkt. #29 at p. 11).

Pursuant to section 101.502 of the Texas Business Organizations Code, a member of a limited liability company maintains the right to examine books and records as specified in sections

3.151 and 101.501.  Plaintiff alleges that Defendants refuse to permit Plaintiff to examine such books and records as prescribed by statute.  *See* (Dkt. #9 at ¶¶ 47, 63–66).  The Court finds these allegations are sufficient to satisfy the pleading requirements.

## III. Conversion

Plaintiff asserts that Higher Power committed a conversion by wrongfully exercising dominion and control over Plaintiff's interest in Baker Wind.  Higher Power avers that such claim fails because Plaintiff "has not [pleaded] any non-conclusory facts suggesting that [Baker Wind] ever became operational, that Membership Units . . . were ever issued, that membership units . . . were supposed to be issued to [Plaintiff]," or that "Defendants have 'wrongfully exercised dominion and control' over any property 'that was to be held by [Baker Wind]'." (Dkt. #27 at p. 9).  Plaintiff responds that such information is unnecessary to satisfy a Rule 12(b)(6) motion to dismiss and that its pleaded facts adequately support a claim for a conversion (Dkt. #29 at p. 12).

"Under Texas law, a conversion is the 'unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights[.]'"  *Hyde & Hyde v. Mount Franklin Foods, L.L.C.*, 523 F. App'x 301, 304 (alteration in original) (quoting *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971)).  To succeed on such a claim, a plaintiff must establish that: "(1) he legally possessed the property or was entitled to it; (2) the defendant wrongfully exercised dominion and control over the property, excluding the plaintiff; (3) the plaintiff demanded the property's return; and (4) the defendant refused."  *Id.* (quotations and citations omitted).

Here, Plaintiff alleges that "Higher Power conveyed to Higher Perpetual 'a 30% membership interest, right, and title in the Baker Project' . . . [and that such interest] is [Plaintiff's]

personal property." (Dkt. #9 at ¶¶ 18, 68). Further, Plaintiff explains Higher Power wrongfully exercised dominion and control over such property when it sold it without consent and without proper compensation (Dkt. #9 at ¶¶ 35–42). Viewing such allegations as true, the Court finds that Plaintiff sufficiently pleaded a claim for a conversion.

## IV.    Breach of Contract

Plaintiff complains that Higher Power breached the Supplemental Agreement (Dkt. #9 at ¶¶ 72–76). Defendants argue that Plaintiff's claim fails because Plaintiff "has not [pleaded] any non-conclusory facts addressing how this [Supplemental] Agreement relates to" Baker Wind, or how Plaintiff is entitled to certain monies (Dkt. #27 at pp. 9–10). Plaintiff avers that "remaining projects," as referenced in the Supplemental Agreement, includes the Baker Project, which Plaintiff maintains a 30% membership interest in (Dkt. #29 at pp. 12–13).

The elements of a breach of contract claim include: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Brooks v. Excellence Mortg., Ltd.*, 486 S.W.3d 29, 36 (Tex. App.—San Antonio 2015, no pet.).

Plaintiff alleges that it and Higher Power executed a valid contract, the Supplemental Agreement (Dkt. #9 at ¶¶ 14, 73). Further, Plaintiff claims that it performed its obligations under such contract, Defendants breached the contract, and Plaintiff suffered damages as a result. *See* (Dkt. #9 at ¶¶ 30–31, 35, 42, 74–76). The Court finds such pleadings are sufficient to state a plausible claim for breach of contract.

## V.    Request for Declaratory Judgment

Plaintiff "seeks a declaration that the venture between Higher Perpetual and Higher Power regarding the Baker Wind Farm Project constitutes a limited liability company." (Dkt. #9 at ¶ 78).

Defendants contend that Plaintiff's request fails because Plaintiff failed to sufficiently plead various prerequisites to the existence of a LLC (Dkt. #27 at pp. 10–11). Plaintiff responds that the declaratory judgment it seeks is alternative relief. Specifically, "that an LLC was created by contract and the conduct that followed which was consistent with an LLC's existence. In other words, [Plaintiff] seeks a declaration that the conduct alleged was sufficient to create a de-facto LLC." (Dkt. #29 at p. 13).

Under certain circumstances, a district court, "upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

After reviewing Plaintiff's amended complaint, the Court finds that Plaintiff's alternative request for declaratory relief is sufficiently pleaded. *See* (Dkt. #9 at ¶ 78).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #27) is hereby **DENIED**. It is further **ORDERED** that within seven (7) days of the issuance of this Order, Plaintiff must file an amended pleading addressing the deficiencies related to its claims for breach of fiduciary duties.

**SIGNED this 18th day of June, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE